UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
BALTIMORE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONNA M. DIPASQUALE
2404 Pleasantville Road
Fallston, MD 21047
(Harford County)

MARC S. DIPASQUALE
2404 Pleasantville Road
Fallston, MD 21047
(Harford County)

THOMAS W. KANE
6229 Commons Road
Rosedale, MD 21237
(Baltimore County)

BRUCE A. KANE
6229 Commons Road
Rosedale, MD 21237
(Baltimore County)

Defendants.

Case No.

COMPLAINT FOR FEDERAL TAXES

Plaintiff, the United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General, brings this civil action to reduce to judgment federal

income tax assessments against Donna M. Dipasquale and Marc S. Dipasquale and to foreclose the related federal tax liens against real property located at 4503 Atlantic Avenue, Unit 101, Ocean City, Maryland 21842 (the "Real Property").

JURISDICTION AND VENUE

1. Jurisdiction for this action is conferred on the Court by 28 U.S.C. §§ 1340 and 1345 and by 26 U.S.C. §§ 7402(a) and 7403.
2. Venue is proper in this district by virtue of 28 U.S.C. § 1396.

PARTIES

3. Plaintiff is the United States of America.
4. Defendant Donna M. Dipasquale is a resident of Fallston, Maryland, located in Harford County, which is within the jurisdiction of this Court.
5. Defendant Marc S. Dipasquale is a resident of Fallston, Maryland, located in Harford, which is within the jurisdiction of this Court.
6. Defendant Thomas W. Kane is named as a party pursuant to 26 U.S.C. §7403(b) because he may claim an interest in the Real Property.
7. Defendant Bruce A. Kane is named as a party pursuant to 26 U.S.C. §7403(b) because he may claim an interest in the Real Property.

COUNT I - REDUCE FEDERAL INCOME TAX ASSESSMENTS TO JUDGMENT

8. The United States incorporates by reference the allegations set forth in paragraphs 1 through 7 above.
9. A delegate of the Secretary of Treasury of the United States made various assessments for unpaid federal income taxes against Defendants Donna M.

Dipasquale and Marc S. Dipasquale on the dates, and the amounts, and for the tax periods set forth below:

| Tax Period | Assessment Dates | Tax Assessments | Balance due as of June 13, 2016 |
|---|---|---|---|
| 1998 | 4/12/2010 | $ 81,448 | $ 21,257 |
| 1999 | 7/08/2010 | $ 73,027 | $ 221,962 |
| 2000 | 3/22/2010 | $ 80,821 | $ 194,296 |
| 2002 | 10/09/2006 | $ 74,047 | $ 54 |
| 2003 | 10/09/2006 | $ 77,146 | $ 159,160 |
| 2004 | 10/09/2006 | $ 85,152 | $ 202,572 |
| 2005 | 3/09/2009 | $ 66,679 | $ 80,474 |
| 2006 | 3/09/2009 | $ 60,605 | $ 126,704 |
| 2007 | 2/24/2014 | $ 62,617 | $ 115,688 |
| 2008 | 4/04/2011 | $ 68,866 | $ 126,156 |
| 2009 | 3/28/2011 | $ 57,117 | $ 81,016 |
| 2010 | 5/30/2011 | $ 56,487 | $ 81,166 |
| 2011 | 6/04/2012 | $ 53,213 | $ 49,423 |
| 2012 | 6/03/2013 | $ 59,220 | $ 65,738 |
| 2013 | 6/09/2014<br>7/20/2015 | $ 65,428<br>$ 19,587 | $ 44,503 |
| | **TOTAL** | | **$1,570,169** |

10. Notice and demand for payment of the tax assessments described above were given to Defendants Donna Dipasquale and Marc Dipasquale in accordance with 26 U.S.C. § 6303.

11. Statutory additions for interest and penalties have accrued and will continue to accrue on the unpaid balance of the tax assessments described in paragraph 9, above.

12. Defendants Donna Dipasquale and Marc Dipasquale have failed to pay the United States the full amount owed as a result of the tax assessments described in paragraph 9, above.

13. By reason of the foregoing, Defendants Donna Dipasquale and Marc Dipasquale are indebted to the United States for federal income tax and statutory additions to tax in the amount of $1,570,169 as of June 13, 2016, plus interest and costs that have accrued and will continue to accrue according to law.

COUNT II - FORECLOSURE OF THE FEDERAL TAX LIENS AGAINST THE REAL PROPERTY

14. The United States incorporates by reference the allegations set forth in paragraphs 1 through 13 above.

15. Defendant Donna Dipasquale acquired a one-third (1/3) interest in the Real Property by deed dated November 1, 2005. The Real Property is more particularly described as:

> All that property or parcel of ground situate and lying in the Town of Ocean City, in the Tenth Election District of Worcester County, State of Maryland, and BEING KNOWN AN DESIGNATED AS Condominium United No. 101 in the "Windjammer Condominium" as established pursuant to a Condominium Master Deed made by Beach Homes Development Corporation and Beach Sands Investments, Inc., trading as Sands Homes Joint Venture, dated July 24, 1972, and recorded among the Land Records of Worcester County in Liber FWH No. 360, folio 71 By-Laws of Windjammer Condominium recorded among the Land Records of Worcester County in Liber FWH No. 360, folio 83, and as amended by Amendment to By-Laws dated July 17, 1974 and recorded among the Land Records of Worcester County in Liber FWH No. 444, folio 544, et seq., and as amended by Amendment to By-Laws of Windjammer Condominium dated December 10, 1981 recorded among the Land Records of Worcester County in Liber FWH No. 805, folio 210, and as amended by Amendment to Declaration and Plats of Windjammer Condominium dated July 2, 1993 recorded among the Land Records of Worcester County in Liber RHO No. 1960, folio 197, as amended by Amendment (to By-Laws) dated January 28, 1995 recorded among the Land Records of Worcester County in Liber RHO No. 2135, folio 476, and pursuant also to the Condominium Plats entitled, "WINDJAMMER

CONDOMINIUM" which Plats are recorded among the Land Records of Worcester County in Plat Book FWH No. 25, folio 61-69, inclusive.

THE IMPROVEMENTS THEREON BEING KNOWN AS unit No. 101, 46th Street, Windjammer Condominium, Ocean City, MD 21842.

TOGETHER WITH and subject to all of the provisions contained in said Condominium Master Deed/Declaration, Amendments, By-Laws, and Plats, as amended from time to time, including an undivided percentage interest in the common elements, common expenses, and common profits of the Condominium as constituted and described in the Condominium Master Deed/Declaration, Amendments, By-Laws, and Plats thereto and as shown on the Plats of said Condominium duly recorded among the Land Records of Worcester County as aforesaid, such interest being in the percentage specified in the Condominium Master Deed/Declaration, Amendments, By-Laws, and Plats and any amendments thereto.

BEING the same property which, by Deed dated December 15, 1999, and recorded among the Land Records of Worcester County, Maryland, in Liber 2793, Folio 530, was granted and conveyed by Joseph V. Pluto and Rosemary J. Pluto, Trustees under the Pluto Living Trust dated November 13, 1998, unto Thomas W. Kane and Dorothy M. Kane, in fee simple.

16. By reason of the assessments made against Defendant Donna Dipasquale and Defendant Marc Dipasquale for unpaid federal income tax, interest, and penalties described in paragraph 9, above, pursuant to 26 U.S.C. § 6321, federal tax liens arose on the dates of the assessments (as early as October 9, 2006) and attached to all property and rights to property owned or thereafter acquired by Defendant Donna Dipasquale and Defendant Marc Dipasquale, specifically including her interest in the Real Property.

17. Notices of the federal tax liens for assessments described in paragraph 9, above, were filed on or around March 4, 2013, June 28, 2013, April 24, 2014, and July 8,

2014 with the Clerk of the Circuit Court, Worcester County in Snow Hill, Maryland.

18. The United States has valid and subsisting tax liens that encumber the interest of Defendant Donna Dipasquale in the Real Property.

19. The United States' tax liens should be foreclosed against the Real Property, and the Court should determine the interests of the United States and each of the Defendants, order a sale of the Real Property, and order that the proceeds be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to Donna Dipasquale's interest paid to the United States to be applied against her federal tax liabilities.

WHEREFORE, the United States of America respectfully prays for judgment as follows:

(a) As to Count I, that the Court grant judgment in favor of the United States and against Donna Dipasquale and Marc Dipasquale in the amount of $1,570,169 as of June 13, 2016, together with all interest and penalties that will continue to accrue according to law;

(b) As to Count II, that the Court adjudge and decree that the United States has a valid and subsisting lien against all property and rights to property of Donna Dipasquale and Marc Dipasquale, including her interest in the Real Property;

(c) As to Count II, that the Court order and adjudge that the federal tax liens attaching to the Real Property be foreclosed and the property be sold in a judicial sale, according to law;

(d) That the Court grant the United States such other relief as it deems just and proper.

Dated: September 8, 2016

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 307-6585
Fax: (202) 514-6866
Beatriz.T.Saiz@usdoj.gov